# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**JAMES BERBERIAN**,

      Plaintiff,

vs.

**DEARBORN HEIGHTS POLICE DEPARTMENT**, **OFFICER JOSEPH BORKOWSKI**

      Defendants.

Case No:   20-   -
Hon.

---

MARC J SHEFMAN (P65021)
SHIMON Y BELEN (P73158)
Attorneys for Plaintiff
401 N. Main Street,
Royal Oak, Michigan 48067
(248) 298-3003
mshefman@shefmanlaw.com
sbelen@shefmanlaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## **COMPLAINT & JURY DEMAND**

NOW COMES, Plaintiff, JAMES BERBERIAN, by and through his undersigned counsel, LAW OFFICES OF MARC J SHEFMAN, and in complaint against the defendants, alleges the following:

1

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising out of state law, pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, JAMES BERBERIAN, at all times relevant herein, was a resident of the City of Detroit, County of Wayne, State of Michigan.

5. Defendant, DEARBORN HEIGHTS POLICE DEPARTMENT (hereinafter "DHPD"), at all times relevant herein, is a municipal law enforcement agency organized and existing under the laws of the State of Michigan, subject to the control of Defendant City, and is headquartered and conducts business in the County of Wayne, State of Michigan.

6. Defendant, OFFICER JOSEPH BORKOWSKI (hereinafter "Borkowski") was upon information and belief at all times relevant herein, a Police Officer employed by Defendant DHPD.

## FACTUAL ALLEGATIONS

7. On January 14, 2011, Plaintiff, while lawfully driving his vehicle on Outer Drive when he was pulled over by Defendant Officer Borkowski.

8. Defendant **Borkowski** asked Plaintiff and his passenger to exit the vehicle, which they each did without incident.

2

9. After a physical search of Plaintiff and Plaintiff's passenger, Defendant **Borkowski** found cash on Plaintiff's person and found illegal drugs on Plaintiff's passengers person; Plaintiff was unaware his passenger was in possession of illegal drugs.

10. Officer Borkowski then detained and/or arrested Plaintiff and his passenger.

11. Plaintiff was then placed in the back of Officer Borkowski's car and taken to the Dearborn Heights Police Department, where he was placed into custody for approximately 2-3 hours.

12. On January 14, 2011, at approximately 5pm Plaintiff was released from Defendant DHPD's custody.

13. Defendants, having seized Plaintiff's vehicle, released him with no means of safely returning home in Detroit.

14. To date, upon information and belief, Plaintiff has not been charged with anything stemming from the January 14, 2021, incident.

15. Defendants Borkowski and the DHPD seized Plaintiff's personal property found on his at the time of his detention/arrest, namely, approximately Six Thousand Five Hundred ($6,500.00) Dollars, and, to date, have failed to return same.

16. Thereafter, on/about February 10, 2021, upon information and belief, officers of Defendant DHPD, including but not limited to, Officer Borkowski, obtained a Search Warrant and raided Plaintiff's home in Dearborn Heights.

17. Plaintiff was again arrested/detained, this time he was incarcerated for approximately three (3) days.

18. The Defendant DHPD officers, including but not limited to, Defendant Officer Borkowski, took/confiscated multiple items from Plaintiff's residence and additional items from a safe deposit box at a local bank.

19. To date, upon information and belief, Plaintiff has not been charged with anything stemming from the February 10, 2021, incident.

## **GENERAL ALLEGATIONS**

20. While being arrested/detained and while in police custody, Defendants used and/or authorized or ratified the use of excessive and unnecessary force on Plaintiff without cause, warning and/or reason under the circumstances, and/or were otherwise deliberately indifferent to and violated Plaintiff's Constitutional rights.

21. At no time while Plaintiff was in custody and/or being arrested was he physically abusive to Defendants, nor did Plaintiff otherwise provoke Defendants to use excessive force upon him.

22. Defendants, individually and collectively, promulgated and/or carried out the acts and omissions described herein, under color of Defendant **DHPD's** official policies, practice, orders, directives, or customs, which tolerated, authorized, and/or permitted insufficient supervision, training, placement, and discipline of Defendant **DHPD** police officers and have caused and/or allowed individuals, including Plaintiff, to be arrested without justifiable cause and subjected to excessive and unnecessary force by said officer(s).

23. The acts and/or omissions of Defendants were intentional and amounted to gross negligence, with wanton and reckless disregard and deliberate indifference to Plaintiff's rights and the rights of the citizens with whom the members of the Dearborn Heights Police come into contact. Therefore, Plaintiff has pled in avoidance of governmental immunity, and the Defendant DHPD is liable for the actions and omissions of their officers under the **Doctrine of Vicarious Liability/*Respondeat Superior***, as well as for their own grossly negligent acts and/or omissions in relation to the events described herein.

### *COUNT I – 42 U.S.C. § 1983 CLAIM*
### *AGAINST DEFENDANTS BORKOWSKI*

Plaintiff realleges and incorporates by reference every allegation stated above, as though fully stated below, and further alleges:

24. At all times relevant, Plaintiff had the right to be protected from the use of excessive force and unreasonable search and seizure, as guaranteed by the Fourth Amendment to the United States Constitution and incorporated against the States by the Fourteenth Amendment.

25. The acts and/or omissions of Defendants described herein were for the very purpose of causing harm, with callous and/or reckless disregard or deliberate indifference for Plaintiff's rights, health, and safety, and substantial risk of serious harm.

26. In committing these acts and/or omissions, Defendants deprived Plaintiff of the following clearly established and well-settled rights, privileges and immunities guaranteed under the Fourth and Fourteenth Amendments to the Constitution of the United States:

    a.    Freedom from the use of excessive and unreasonable force in violation of Plaintiffs Fourth Amendment rights;

    b.    Equal protection of the law and rights, privileges and immunities of citizens of the United States and the State of Michigan, including such rights as free speech, assembly, association and movement, and due process; and

    c.    Otherwise violating the rights of Plaintiff.

27. Defendants subjected Plaintiff to these deprivations of rights for the very purpose of causing harm, or by acting with callous and/or reckless disregard and with deliberate indifference as to whether Plaintiff's rights would be violated by their conduct.

28. As a direct and proximate result of the aforementioned acts and/or omissions of the Defendants, Plaintiff has suffered medical expenses, legal expenses and other out-of-pocket costs, and pain and suffering from physical and mental injuries, including but not limited to:

    a.    Emotional and psychological injuries including but not limited to fear, anxiety, trauma, humiliation, mortification, shock, stress, loss of social pleasure and enjoyment, and other severe emotional disturbances; and

    b.    Other injuries to be determined during the course of discovery.

**WHEREFORE,** Plaintiff requests judgment against Defendants, jointly and severally, in whatever amount in excess of Seventy-Five Thousand Dollars ($75,000.00) Plaintiff is found to be entitled, as well as a demand for punitive and/or exemplary damages to the extent they are not duplicative, together with interest, costs, and attorney fees so wrongfully incurred as a result of this incident.

## COUNT II – 42 U.S.C. § 1983 CLAIM
## AGAINST DEFENDANTS DHPD

Plaintiff realleges and incorporates by reference every allegation stated above, as though fully stated below, and further alleges:

29. Defendants **DHPD** has, with deliberate indifference to Plaintiff's rights and the rights of persons with whom members of the Dearborn Heights Police Department come into contact, caused Plaintiff to be deprived of his Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution by maintaining policies, practices and customs that were a direct and/or proximate cause of the deprivation of Plaintiff's Constitutional rights.

30. Defendant **DHPD** has, as a matter of custom, policy and/or practice, failed to adequately screen, train, supervise, discipline, transfer, counsel or otherwise direct or control police officers concerning the rights of citizens with whom the police come into contact, including Plaintiff, as described herein, thereby promoting, permitting, or otherwise causing or contributing to the deprivation of Plaintiff's Constitutional rights.

31. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has suffered medical expenses, legal expenses and other out-of-pocket costs, and pain and suffering from physical and mental injuries, including but not limited to:

    a.    Emotional and psychological injuries including but not limited to fear, anxiety, trauma, humiliation, mortification, shock, stress, loss of social pleasure and enjoyment, and other severe emotional disturbances; and

    b.    Other injuries to be determined during the course of discovery.

**WHEREFORE,** Plaintiff requests judgment against Defendants, jointly and severally, in whatever amount in excess of Seventy-Five Thousand Dollars ($75,000.00) Plaintiff is found to be entitled, as well as a demand for punitive and/or exemplary damages to the extent they are not duplicative, together with interest, costs, and attorney fees so wrongfully incurred as a result of this incident.

## SUPPLEMENTAL JURISDICTION (28 U.S.C. § 1367) – STATE LAW CLAIMS

### *COUNT III – ASSAULT & BATTERY*
### *AGAINST DEFENDANT BORKOWSKI*

Plaintiff realleges and incorporates by reference every allegation stated above, as though fully stated below, and further alleges:

32. The conduct of Defendants described herein, both individually, and as employees of the Defendants **DHPD** acting in the course and scope of their employment as police officers, constituted assault and battery.

33. Defendants placed Plaintiff in a great fear of harmful physical contact, and acted intending to cause willful, harmful or offensive touching, which Defendants accomplished through threatening, striking, and using excessive force on Plaintiff against his will and without his consent.

34. At no time was it necessary to use force against Plaintiff, and the excessive force used by the Defendants was entirely unreasonable, and was not justified by any action of Plaintiff.

35. Defendants' conduct described herein was not privileged, was not carried out for any proper purpose, and was not within the scope of Defendants' authority as law enforcement.

8

36. As a direct and proximate result of Defendants' assault and battery, Plaintiff has suffered medical expenses, legal expenses and other out-of-pocket costs, and pain and suffering from physical and mental injuries, including but not limited to:

    a. Emotional and psychological injuries including but not limited to fear, anxiety, trauma, humiliation, mortification, shock, stress, loss of social pleasure and enjoyment, and other severe emotional disturbances; and

    b. Other injuries to be determined during the course of discovery.

**WHEREFORE,** Plaintiff requests judgment against Defendants, jointly and severally, in whatever amount in excess of Seventy-Five Thousand Dollars ($75,000.00) Plaintiff is found to be entitled, as well as a demand for punitive and/or exemplary damages to the extent they are not duplicative, together with interest, costs, and attorney fees so wrongfully incurred as a result of this incident.

### *COUNT IV – GROSS NEGLIGENCE*
### *AGAINST DEFENDANT BORKOWSKI*

Plaintiff realleges and incorporates by reference every allegation stated above, as though fully stated below, and further alleges:

37. At all times relevant, Defendants owed Plaintiff the following duties and obligations, among others:

    a. The duty to use verbal means such as advice, warning, or persuasion before resorting to force;

    b. The duty to refrain from using force where such force was not reasonable and/or necessary;

    c. The duty to exhaust all reasonable alternatives before using force, including but not limited to requesting assistance and/or backup before utilizing force as a means of coercion;

    d. The duty to use only such force as was necessary and reasonable under the circumstances;

  e. The duty to exercise restraint in difficult situations and to analyze the situation and react in a professional manner; and

  f. Other duties to be identified.

38. Through their conduct, Defendants breached the duties owed to Plaintiff in the following manners, among others:

  a. Failing to use verbal means such as advising, warning, or persuasion before resorting to use of force;

  b. Applying force in an amount greatly in excess to that force which the situation reasonably demanded, if any;

  c. Continuing to use excessive force against Plaintiff over a period of time;

  d. Failing to exhaust all reasonable alternatives before using force;

  e. Failing to exercise restraint and failing to act in a professional manner;

  f. Failing to prevent and/or ratifying the improper arrest of Plaintiff through use of excessive force;

  g. Humiliating and/or mortifying Plaintiff through their application of excessive force and continued use of such excessive force over a period of time;

  h. Allowing Plaintiff to be further humiliated through their threatening, abusive, and demeaning actions towards Plaintiff after using such excessive force against Plaintiff;

  i. Engaging in conduct so reckless as to demonstrate a substantial lack of concern for whether an injury resulted;

  j. Showing reckless disregard for Plaintiff's dignity, health, and safety, as well as his Constitutional and statutory rights;

  k. Other acts and/or omissions constituting gross negligence.

39. The conduct of Defendants, as described herein, amounts to gross negligence as that term is used and defined under **MCL 691.1407(2)(c)** & **(8)(a)**.

40. As a direct and proximate result of the gross negligence of the Defendants, Plaintiff has suffered medical expenses, legal expenses and other out-of-pocket costs, and pain and suffering from physical and mental injuries, including but not limited to:

   a. Emotional and psychological injuries including but not limited to fear, anxiety, trauma, humiliation, mortification, shock, stress, loss of social pleasure and enjoyment, and other severe emotional disturbances; and

   b. Other injuries to be determined during the course of discovery.

**WHEREFORE,** Plaintiff requests judgment against Defendants, jointly and severally, in whatever amount in excess of Seventy-Five Thousand Dollars ($75,000.00) Plaintiff is found to be entitled, as well as a demand for punitive and/or exemplary damages to the extent they are not duplicative, together with interest, costs, and attorney fees so wrongfully incurred as a result of this incident.

### *COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT BORKOWSKI*

Plaintiff realleges and incorporates by reference every allegation stated above, as though fully stated below, and further alleges:

41. The conduct of Defendants, as described herein, was extreme and outrageous, beyond all possible bounds of decency, and of such character as to be intolerable in a civilized society.

42. Defendants' conduct was not privileged, was not carried out for any proper purpose, and was not within the scope of Defendants' authority as law enforcement.

43. Through their conduct described herein, Defendants intentionally and/or recklessly caused Plaintiff to suffer severe mental and emotional distress.

44. As a direct and proximate result of the Defendants' intentional infliction of emotional distress, Plaintiff has suffered medical expenses, legal expenses and other out-of-pocket costs, and pain and suffering from physical and mental injuries, including but not limited to:

    a. Emotional and psychological injuries including but not limited to fear, anxiety, trauma, humiliation, mortification, shock, stress, loss of social pleasure and enjoyment, and other severe emotional disturbances; and

    b. Other injuries to be determined during the course of discovery.

**WHEREFORE,** Plaintiff requests judgment against Defendants, jointly and severally, in whatever amount in excess of Seventy-Five Thousand Dollars ($75,000.00) Plaintiff is found to be entitled, as well as a demand for punitive and/or exemplary damages to the extent they are not duplicative, together with interest, costs, and attorney fees so wrongfully incurred as a result of this incident.

### *COUNT VI – NEGLIGENT SUPERVISION AND TRAINING AGAINST DEFENDANT DHPD*

Plaintiff realleges and incorporates by reference every allegation stated above, as though fully stated below, and further alleges:

45. At all times relevant, Defendant **DHPD** owed Plaintiff, and the public in general, a duty to exercise proper care in adequately hiring, screening, training, supervising, disciplining, transferring, or otherwise directing or controlling their police officers, including Defendant **Police Officers**, in regard to the rights of citizens, including Plaintiff, to be free from the use of excessive force and/or false arrest and imprisonment.

46.     Defendant **DHPD**, by and through by and through their staff sergeants, police officers, and other employees, agents and/or assigns, including Defendant **Police Officers**, have, as a matter of custom and/or policy and practice and with deliberate indifference to Plaintiff's rights and the rights of the citizens with whom the members of the Ann Arbor Police come into contact, caused and/or allowed individuals, including Plaintiff, to be arrested without justifiable cause and subjected to excessive and unnecessary force by said officer(s).

47.     Defendant **DHPD**, by and through by and through their staff sergeants, police officers, and other employees, agents and/or assigns, breached the duties owned to Plaintiff in the following manners, among others:

   a.   Failing to adequately train, screen, supervise, discipline, transfer, counsel, or otherwise direct or control their Police Officers in regard to the rights of citizens, including Plaintiff, to be free from the use of excessive force and/or false arrest and imprisonment.

   b.   Causing and/or allowing individuals, including Plaintiff, as a matter of custom, policy and/or practice, to be arrested without justifiable cause and subjected to excessive and unnecessary force by said officer(s), with deliberate indifference to Plaintiff's rights and the rights of the citizens with whom the members of the Dearborn Heights Police come into contact

48.     The acts and/or omissions of Defendants described herein amount to gross negligence as that term is used and defined under **MCL 691.1407(2)(c)** & **(8)(a)**, and said gross negligence is an exception to governmental immunity.

49. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has suffered medical expenses, legal expenses and other out-of-pocket costs, and pain and suffering from physical and mental injuries, including but not limited to:

    a. Emotional and psychological injuries including but not limited to fear, anxiety, trauma, humiliation, mortification, shock, stress, loss of social pleasure and enjoyment, and other severe emotional disturbances; and

    b. Other injuries to be determined during the course of discovery.

**WHEREFORE,** Plaintiff requests judgment against Defendants, jointly and severally, in whatever amount in excess of Seventy-Five Thousand Dollars ($75,000.00) Plaintiff is found to be entitled as adequate compensation for all the injuries and damages he has sustained, as well as a demand for punitive and/or exemplary damages to the extent they are not duplicative, together with interest, costs, and attorney fees so wrongfully incurred as a result of this incident.

Respectfully Submitted,

LAW OFFICES OF MARC J SHEFMAN

<u>/S/ Marc J Shefman</u>
MARC J SHEFMAN (P65021)
Attorney for Plaintiff
401 N. Main Street
Royal Oak, MI  48067
(248) 298-3003

Dated:

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**JAMES BERBERIAN**,

    Plaintiff,

vs.                            Case No:    20-   -
                                      Hon.

**DEARBORN HEIGHTS POLICE DEPARTMENT**, **OFFICER JOSEPH BORKOWSKI**

    Defendants.

---

MARC J SHEFMAN (P65021)
SHIMON Y BELEN (P73158)
Attorneys for Plaintiff
401 N. Main Street,
Royal Oak, Michigan 48067
(248) 298-3003
mshefman@shefmanlaw.com
sbelen@shefmanlaw.com

---

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, James Berberian, by and through his attorneys, LAW OFFCIES OF MARC J SHEFMAN, and hereby demands a trial by jury of the above matter.

                                                  Respectfully Submitted,

                                                  LAW OFFICES OF MARC J SHEFMAN

                                                  <u>/S/ Marc J Shefman</u>
                                                  MARC J SHEFMAN (P65021)
                                                  Attorney for Plaintiff
                                                  401 N. Main Street
                                                  Royal Oak, MI  48067
                                                  (248) 298-3003

Dated: February 17, 2021